NO. 07-06-0390-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 28, 2008

_____

IT'S THE BERRYS, LLC, A TEXAS LIMITED
LIABILITY COMPANY, DOING BUSINESS
AS MARY ELLEN'S, APPELLANT

V.

EDOM CORNER, LLC, A TEXAS
LIMITED LIABILITY COMPANY, APPELLEE
_____

FROM THE 294TH DISTRICT COURT OF VAN ZANDT COUNTY;

NO. 06-00428; HONORABLE TERESA DRUM, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


**OPINION**


Appellant It's the Berry's, LLC d/b/a Mary Ellen's (Berry's) complains of a district

court judgment granting possession of its leasehold to its landlord, appellee Edom Corner,

LLC. Brought as an action for forcible detainer in justice court, the case was transferred

to district court and there tried as though that court possessed original subject matter

jurisdiction. Finding the district court lacked original subject matter jurisdiction to try an

eviction suit, we will sever, vacate and dismiss the forcible detainer suit and affirm the remainder of the judgment.

## Background

The legal complaints of the parties before us arise from a commercial lease between Edom Corner as lessor and Berry's as lessee. The leased property was retail space located in a building that also housed a restaurant known as Edom Bakery.

At the time the parties executed the lease, the principal members of Edom Corner were Earl A. Berry, Jr. and his wife, Ann Thornton Berry. Mr. and Mrs. Berry were also the sole members of Edom Bakery, LLC, which did business as Edom Bakery. Berry's was owned by Mary Ellen Malone.

Edom Corner, Edom Bakery, and Berry's were formerly owned in equal shares by Mr. and Mrs. Berry and Malone.[1] But the parties found joint operation of the companies difficult and divided their interests. Under the agreed division, Mr. and Mrs. Berry acquired ownership of Edom Corner and Edom Bakery and Malone acquired ownership of Berry's.

Berry's operated a retail merchandise store known as Mary Ellen's in the space it leased from Edom Corner. According to trial testimony, problems developed among the parties after execution of the lease. Disagreements escalated after Malone purchased a nearby restaurant, known as "the Shed," a competitor of Edom Bakery. About eighteen months after execution of the lease, an attorney for Edom Corner notified Berry's by letter

---

[1] Earl A. Berry, Jr. and Mary Ellen Malone are brother and sister.

2

that because of multiple alleged breaches of the lease it must vacate the premises by a specified date or face a forcible detainer suit.

When Berry's did not vacate the leasehold, Edom Corner commenced a forcible detainer suit in a justice court of Van Zandt County. By its original petition entitled "Plaintiff's Original Petition for Forcible Detainer," Edom Corner sought possession of the property, a writ of possession, and attorney's fees.

Before Berry's answered the suit, Edom Corner filed a "Motion to Transfer" in the justice court requesting transfer of the case to the 294th judicial district court of Van Zandt County. In its motion, Edom Corner asserted a suit was already pending in district court concerning a dispute among other entities owned by Malone and Mr. and Mrs. Berry. The justice court responded with an order transferring the case to district court "because the matter concerns issues within its jurisdiction." Thereafter, Berry's answered and filed a counterclaim for declaratory relief and attorney's fees.[2]

About three weeks later, Edom Corner filed a supplemental petition requesting the district court to issue "without notice" a temporary restraining order enjoining Berry's from locking a passageway in the building, leaving the door of Mary Ellen's open while the air conditioning operated, and interfering in efforts to change building locks. The supplemental petition requested a temporary injunction and on trial a permanent injunction

---

[2] Berry's sought declarations that it was not in default of the lease, Edom Corner breached the lease, and Edom Corner's claims were barred by waiver. As the issue is not before us, we express no opinion on the propriety of the grounds for declaratory relief Berry's urged.

3

because "when [Edom Corner] prevails in its suit for Forcible Detainer there is a period of time between the Court's judgment and the actual physical evacuation of the premises . . . ." No temporary restraining order or temporary injunction issued.[3]

Following a bench trial, the district court signed a judgment awarding Edom Corner possession of the leased premises, a writ of possession, costs and attorney's fees. The judgment also decreed that Berry's take nothing by its counterclaims.

Berry's timely filed a notice of appeal to the Twelfth District Court of Appeals at Tyler. It also filed a motion with the trial court requesting a supersedeas bond exceeding the aggregate of attorney's fees awarded Edom Corner under the judgment, post-judgment interest, and the monthly rental and utility charges payable according to the terms of the lease. Edom Corner objected, arguing the case was a forcible detainer suit not involving a party's principal residence and execution of a writ of possession could not be superseded. *See* Tex. R. Civ. P. 755. The trial court ordered a supersedeas bond in an amount sufficient only to supersede enforcement of the monetary portion of its judgment.

Berry's petitioned the Tyler Court for a writ of mandamus arguing the trial court did not set the amount of bond necessary to supersede the writ of possession, contrary to the requirements of Rule of Appellate Procedure 24.1. Tex. R. App. P. 24.1(a)(3); *In re It's The Berry's, LLC,* No. 12-06-00298-CV, 2006 WL 3020353, 2006 Tex. App. Lexis 9146,*9-11

---

[3] Edom Corner's request for permanent injunctive relief was not tried or expressly embraced by the court's judgment. As the judgment was signed following a trial on the merits and no order for trial of separate issues appears of record we presume the judgment is final for appellate purposes. *Moritz v. Preiss,* 121 S.W.3d 715, 719-20 (Tex. 2003). The parties do not argue otherwise.

4

(Tex.App.–Tyler Oct. 25, 2006, orig. proceeding) (not designated for publication). Edom Corner again took the position the writ could not be superseded under Rule of Civil Procedure 755 because it was not a party's principal residence. Berry's countered that Rule 755 was not applicable to the case because the appeal was not from a judgment of the county court. 2006 WL 3020353, at *3, 2006 Tex. App. Lexis 9146, at *10. Edom Corner responded that Government Code section 24.471 established a "special relationship" between the county court and district court of Van Zandt County, authorizing adjudication of its forcible detainer suit in district court. Therefore, Rule 755 applied, disallowing suspension of the writ of possession. 2006 WL 3020353, at *4, 2006 Tex. App. Lexis 9146, at *10-11. The Tyler Court disagreed, finding Rule 755 inapplicable because Berry's was appealing not from a judgment of the county court after a trial de novo on appeal from the justice court, but a judgment of the district court, exercising its original jurisdiction. 2006 WL 3020353, at *4, 2006 Tex. App. Lexis 9146, at *12. The court concluded the trial court abused its discretion by not setting a bond for suspension of the entire judgment, and conditionally granted the writ of mandamus. 2006 WL 3020353, at *4, 2006 Tex. App. Lexis 9146, at *12-13. After the trial court complied with the requirements of the conditional grant, the Tyler Court dismissed the original proceeding as moot. *In re It's The Berry's, LLC,* No. 12-06-00298-CV, 2006 WL 3313659, 2006 Tex. App. Lexis 9920 (Tex.App.–Tyler November 15, 2006, orig. proceeding) (not designated for publication). By docket equalization order of the Supreme Court, the appeal of the case was thereafter transferred to this court. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005).

5

Berry's raises twenty-two issues on appeal. We find issues one and eleven dispositive of the appeal.

Discussion

In its first issue Berry's argues the district court lacked subject matter jurisdiction to try Edom Corner's forcible detainer action.

Whether a trial court possessed subject matter jurisdiction is a question of law we review de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). The existence of subject matter jurisdiction may be raised for the first time on appeal by the parties or the court on its own motion. *University of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex. 2004), *superseded by statute on other grounds,* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2008).

An action for forcible detainer is the judicial procedure for determining the right to immediate possession of real property. *Kennedy v. Highland Hills Apartments,* 905 S.W.2d 325, 326 (Tex.App.–Dallas 1995, no writ). It exists to provide a speedy, simple and inexpensive means for settling the right to possession of premises. *Id.*

> A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;

(2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or

(3) is a tenant of a person who acquired possession by forcible entry.

Tex. Prop. Code Ann § 24.002(a)(1)-(3) (Vernon 2000).  A prevailing landlord in a suit for forcible detainer "is entitled to a judgment for possession of the premises and a writ of possession."  Tex. Prop. Code Ann. § 24.0061(a) (Vernon 2000).

A forcible detainer action depends on the existence of a landlord-tenant relationship. *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.).  Only proof of a superior right to immediate possession must be proved for the plaintiff to prevail in a forcible detainer action.  *Goggins v. Leo,* 849 S.W.2d 373, 377 (Tex.App.–Houston [14th Dist.] 1993, no writ).  Accordingly, the sole matter in issue for resolution in a forcible detainer action is which party has the superior right to immediate access to the property. *Fandey v. Lee,* 880 S.W.2d 164, 168 (Tex.App.–El Paso 1994, writ denied); *Goggins,* 849 S.W.2d at 377.

District courts in Texas are courts of general jurisdiction, presumably having subject matter jurisdiction over a cause unless a contrary showing is made. *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.2d 212, 220 (Tex. 2002), *citing Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000).  Under our constitution and by statute, the district court's jurisdiction "consists of exclusive, appellate, and original

7

jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the constitution] or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007 (Vernon 2004).[4] The legislature has committed jurisdiction of a forcible detainer suit, however, exclusively to a justice court in the precinct where the property in question is located. Tex. Prop. Code Ann. § 24.004 (Vernon 2000); Tex. Gov't Code Ann. § 27.031(a)(2) (Vernon 2004) (justice court has original jurisdiction of cases of forcible entry and detainer); *McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex. 1984) (referring to exclusive jurisdiction of justice court in forcible entry and detainer case); *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368, 371 (Tex. 1962) (forcible entry and detainer action must be instituted in justice court); *Rice v. Pinney,* 51 S.W.3d 705, 712 (Tex.App.–Dallas 2001, no pet.) (jurisdiction "expressly" given to justice court); *Mitchell v. Armstrong Capital Corp.,* 911 S.W.2d 169, 171 (Tex.App.–Houston [1st Dist.] 1995, writ denied) (jurisdiction of forcible detainer suit is in justice court and on appeal, county court); *McCloud v. Knapp,* 507 S.W.2d 644, 647-648 (Tex.Civ.App.–Dallas 1974, no writ).

Where a claimed right of immediate possession necessarily requires resolution of a title dispute, the justice court lacks subject matter jurisdiction. *Rice,* 51 S.W.3d at 709;

---

[4] "'Basically, district courts are tribunals of general jurisdiction with exclusive, appellate, and original jurisdiction in all causes unless the domain has been constitutionally or statutorily specified elsewhere.'" 1 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice: Courts § 3:30 n.1 (2d ed. 2004) (*quoting* Texas Courts, A Study By the Texas Research League: Report One (The Texas Judiciary: A Structural-Functional Overview) pp. 29, 30 (1990)). The Government Code further provides that a district court "may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." Tex. Gov't Code Ann. § 24.008 (Vernon 2004).

Tex. R. Civ. P. 746. Because a forcible detainer action is not exclusive of other remedies, another possessory action, such as a suit for trespass to try title, may be brought in district court. *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 819 (Tex. 1936) (title may not be adjudicated in forcible entry and detainer proceeding but remedy is cumulative of any other remedy); *Rice,* 51 S.W.3d at 709; Tex. Prop. Code Ann. § 24.008 (suit for forcible detainer does not bar a suit for "trespass, damages, waste, rent, or mesne profits."). And the district court may adjudicate a suit to try title concurrently with a forcible detainer action in justice court. *Haith,* 596 S.W.2d at 196; *Rice,* 51 S.W.3d at 709.

Here the parties and trial court looked to Government Code § 24.471(b) as the origin of jurisdiction of the district court to try the forcible detainer suit. In pertinent part the statute provides:

> The 294th District Court has concurrent jurisdiction with the county court in Van Zandt County over all matters of civil and criminal jurisdiction, original and appellate, in cases over which the county court has jurisdiction under the constitution and laws of this state. Matters and proceedings in the concurrent jurisdiction of the 294th District Court and the county court may be filed in either court and all cases of concurrent jurisdiction may be transferred between the 294th District Court and the county court. However, a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred, and a case may not be transferred unless it is within the jurisdiction of the court to which it is transferred.

Tex. Gov't Code Ann. § 24.471(b) (Vernon 2004). We do not find this statute ambiguous. It does not authorize, nor could it authorize, consistent with Property Code § 24.004, trial of a forcible detainer suit in the 294th district court.[5]

---

[5] Further, trial of this forcible detainer suit in district court precludes appeal by trial de novo, Tex. R. Civ. P. 751, and places appeal in the courts of appeals, when the

9

Edom Corner argues the Tyler Court's conditional grant of mandamus resolved any question of the district court's subject matter jurisdiction and we are, therefore, precluded by the "law of the case" doctrine from considering the question of subject matter jurisdiction. We disagree.

> The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. The doctrine is based on public policy and is aimed at putting an end to litigation.

*Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex. 1986) (citations omitted). The doctrine is not a limitation on the power of the court. *Devilla v. Schriver,* 245 F.3d 192, 197 (2d Cir. 2001). Rather, as Justice Holmes long ago noted, it "merely expresses the practice of the courts generally to refuse to reopen what has been decided." *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Application of the doctrine lies with the discretion of the court. *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex. 2003).

The Fourteenth Court of Appeals rejected a contention like that made by Edom Corner here in *Gantt v. Gantt,* 208 S.W.3d 27 (Tex.App.–Houston [14th Dist.] 2006, pet. denied). There, a party contended the law of the case doctrine precluded the Fourteenth Court from dismissing an appeal for lack of subject matter jurisdiction, based on a late notice of appeal. *Id.* at 30 n.4 According to the party's argument, the Corpus Christi Court

---

legislature intended final appellate resolution by the county court. *See* Tex. Prop. Code Ann. § 24.007 (Vernon 2000) (final judgment of county court in forcible entry and detainer action not appealable on issue of possession unless property in question is exclusively residential).

10

of Appeals, by issuing an opinion and judgment in a prior appeal in the case, must necessarily have concluded it had jurisdiction, establishing the law of the case. *Id.* The Fourteenth Court found the Corpus Christi Court had not expressly considered and decided the late-notice-of-appeal question, and found that court's *sub silentio* exercise of jurisdiction was not law of the case. *Id.*

Our circumstance is similar. While it might be said that implicit in the Tyler Court's opinion is recognition that the trial court exercised subject matter jurisdiction by adjudicating the case, this was clearly not the narrow question presented or decided in the mandamus proceeding. Indeed, the Tyler Court's opinion states, "Edom [Corner] states that it agreed to the transfer [from justice court] and does not contend that the transfer was improper." *In re It's the Berry's*, 2006 WL 3020353, at *3, 2006 Tex. App. Lexis 9146, at *9. We decline to utilize the law of the case doctrine to avoid review of the district court's exercise of subject matter jurisdiction in the forcible detainer action.

Edom Corner also argues that Berry's is judicially estopped to now challenge the subject matter jurisdiction of the trial court because in its petition for writ of mandamus it alleged the lawsuit was one over which a district court has original jurisdiction. Edom Corner asserts that Berry's thus took inconsistent positions in the mandamus action and the instant appeal, and is estopped to do so. We disagree for two reasons. First, "[s]ubject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Tourneau Houston, Inc. v. Harris County Appraisal Dist.,* 24 S.W.3d 907, 910 (Tex.App.–Houston [1st Dist.] 2000, no pet.) (*citing Fed. Underwriters Exch. v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (Tex. 1943)). Second, and assuming Berry's mandamus

11

and appellate positions were contradictory, the mandamus proceeding is part of the present case and not a prior proceeding. *See Pleasant Glade Assembly of God v. Schubert,* No. 05-0916, 51 Tex. S.Ct. J. 1086, 2008 WL 2572009, at *6, 2008 Tex. Lexis 620, at *17 (Tex. June 27, 2008). The doctrine of judicial estoppel has no application to contradictory positions taken in the same proceeding. *Id. (citing Galley v. Apollo Associated Servs., Ltd.,* 177 S.W.3d 523, 529 (Tex.App.–Houston [1st Dist.] 2005, no pet.)).

The relief Edom Corner sought in the trial court was exclusive to Chapter 24 of the Property Code. Tex. Prop. Code Ann. Chapter 24 Forcible Entry and Detainer (Vernon 2000 & Supp. 2007). The district court was without subject matter jurisdiction to try Edom Corner's forcible detainer suit. We sustain Berry's first issue.

In its eleventh issue, Berry's challenges the award of attorney's fees for Edom Corner and the denial of its request for attorney's fees. Specifically, Berry's asserts it should have prevailed in the trial court and recovered attorney's fees while Edom Corner should not have prevailed and was not entitled to recover attorney's fees. Because the district court lacked subject matter jurisdiction to adjudicate the forcible detainer action, that cause, including the award of statutory and contractual attorney's fees and costs to Edom Corner, must be set aside and dismissed. In the same way, the trial court had no jurisdiction to award attorney's fees to Berry's for defense of a forcible detainer action. Berry's does not contend the absence of an award of attorney's fees under the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009 (Vernon 1997), was

error.  We sustain Berry's eleventh issue as to the recovery of attorney's fees by Edom Corner.  We overrule Berry's eleventh issue as to its claim for attorney's fees.

Conclusion

When a trial court lacks subject matter jurisdiction to render a judgment, the proper procedure on appeal is for the appellate court to set the judgment aside and dismiss the cause.  *See Dallas County Appraisal Dist. v. Funds Recovery,* 887 S.W.2d 465, 471 (Tex.App.–Dallas 1994) (*citing Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961)).  Finding the trial court lacked subject matter jurisdiction, we sever the forcible detainer case, vacate the judgment in the forcible detainer case, and dismiss the forcible detainer case.  Otherwise, we affirm the district court's judgment.


James T. Campbell
Justice