

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00274-CV

**HUBERT WARREN,**

                                                                     **Appellant**

 **v.**

**MCLENNAN COUNTY JUDICIARY,**
**REX D. DAVIS, BILL VANCE, TOM GRAY, ET AL.,**

                                                                     **Appellees**

---

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2009-1280-5**

---

## MEMORANDUM  OPINION

---

Hubert Warren filed suit against several public officials connected with his prosecution and conviction for aggravated assault of a public servant.[1]  Following a hearing, the trial court granted a plea to the jurisdiction premised on judicial immunity. Warren contends in his sole point that the court abused its discretion by granting the

---

[1]        Warren named as defendants the former and current district attorneys of Ellis County, the Ellis County district judge who presided over his trial, the justices of this Court who participated in the opinion affirming his conviction, the judges of the Court of Criminal Appeals, and an assistant attorney general.

plea to the jurisdiction because he established at the hearing that the defendants "acted in clear absence of all jurisdiction" with regard to his trial and appeal. We will affirm.

## Background

In an opinion authored by then-Chief Justice Rex D. Davis,[2] this Court affirmed Warren's conviction. *See Warren v. State*, 98 S.W.3d 739 (Tex. App.—Waco 2003, pet. ref'd). In the current lawsuit, Warren alleges several theories of liability all premised on his assertion that he suffered injuries "due to the defendants negligent use of the State indictment."[3] His underlying complaint is that the prosecuting attorney improperly amended the indictment on the eve of trial to correct the enhancement allegations by identifying the specific prior convictions that would be used for enhancement purposes.

Chief Justice Tom Gray, Justice Rex D. Davis, and former justice Bill Vance responded to the suit by filing an answer and a plea to the jurisdiction premised on judicial immunity.[4] After a hearing, the trial court granted the plea to the jurisdiction.

---

[2] Davis resigned as chief justice in August 2003 and returned to private practice. He was subsequently elected as a justice of the Court and took office in January 2009.

[3] This allegation appears to be an effort on Warren's part to allege a waiver of immunity under the Texas Tort Claims Act for personal injury proximately caused by use of tangible personal property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). However, the Tort Claims Act does not waive immunity for "a claim based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity." *Id.* § 101.053(a) (Vernon 2005).

[4] These are the only defendants who appeared. The other defendants were not served, and their failure to appear raises the question of whether the judgment is final and appealable. The judgment will be considered final and appealable if nothing in the record indicates that the plaintiff expected to obtain service on the other defendants. *See Sondock v. Harris County Appraisal Dist.*, 231 S.W.3d 65, 67 n.1 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674-75 (Tex. 2004) (per curiam); *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)). Here, there is nothing in the record to indicate that Warren expected to obtain service on the remaining defendants. *See Nabelek v. City of Houston*, No. 01-06-01097-CV, 2008 WL 5003737, at *4 (Tex. App.—Houston [1st Dist.] Nov. 26, 2008, no pet.) (mem. op.). Thus, the judgment is final and appealable.

**Plea to the Jurisdiction**

Warren contends in his sole point that the court abused its discretion by granting the plea to the jurisdiction because he established at the hearing that the defendants "acted in clear absence of all jurisdiction" with regard to his trial and appeal. Appellees respond that they have absolute judicial immunity.

When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. We construe the pleadings liberally in favor of the plaintiff and look to his intent. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009).

"A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir.), *cert. denied*, ___ U.S. ___, 130 S. Ct. 624, 175 L. Ed. 2d 478 (2009); *accord In re Lincoln*, 114 S.W.3d 724, 727 n.2 (Tex. App.—Austin 2003, orig. proceeding) (per curiam). This immunity applies to judges acting in their official capacity for judicial acts performed within the scope of their jurisdiction. *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *see Davis*, 565 F.3d at 221-22.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872)); *see Twilligear*, 148 S.W.3d at 504. Thus, Appellees have absolute judicial immunity unless the conduct for

which Warren seeks to hold them liable was: "(1) nonjudicial, *i.e.,* not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction." *Twilligear*, 148 S.W.3d at 504 (citing *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (per curiam)).

Warren contends that Appellees "acted in clear absence of all jurisdiction" in deciding his appeal because the trial court lacked jurisdiction. *See It's the Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 772 (Tex. App.—Amarillo 2008, no pet.) ("When a trial court lacks subject matter jurisdiction to render a judgment, the proper procedure on appeal is for the appellate court to set the judgment aside and dismiss the cause.") (citing *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961) (orig. proceeding); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 471 (Tex. App.—Dallas 1994, writ denied)). He argues that the trial court lacked jurisdiction because it proceeded to trial on an indictment which had been improperly amended.

"Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993)); *Bradt v. West*, 892 S.W.2d 56, 68 (Tex. App.—Houston [1st Dist.] 1994, writ denied). If the district judge "merely acted in excess of [his] authority," he is still protected by judicial immunity. *Ballard*, 413 F.3d at 517 (quoting *Malina,* 994 F.2d at 1125).

"The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12(b). "[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with

enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Teal v. State*, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007) (quoting *Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997)). In addition, "the indictment, despite whatever substantive defects it contains, must be capable of being construed as intending to charge a felony." *Id.*

Here, Warren's indictment alleged that he committed the offense of aggravated assault of a public servant. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 22.02(b)(2), 1993 Tex. Gen. Laws 3586, 3619-20 (amended 2003) (current version at TEX. PEN. CODE ANN. § 22.02(b)(2)(B) (Vernon Supp. 2009)). Regardless of the propriety of the enhancement allegations in the indictment, this was (and remains) a first degree felony offense. *Id.* Warren does not contend that the allegations regarding the primary charge of aggravated assault were insufficient to have vested the district court with jurisdiction. *See Teal*, 230 S.W.3d at 181.

Even if the district court had improperly permitted the State to proceed to trial on the amended indictment (which we do not hold), the amended enhancement allegations affected only Warren's punishment. If successfully challenged on appeal, Warren would have obtained only a new punishment hearing, and his conviction would have remained intact.[5] *See, e.g., Throneberry v. State*, 109 S.W.3d 52, 59-61 (Tex. App.—Fort Worth 2003, no pet.). Any defect in the enhancement allegations or any

---

[5] But Warren's success on such an issue is highly doubtful because he pleaded "true" to the enhancement allegations of the amended indictment. *See Villescas v. State*, 189 S.W.3d 290, 294-95 (Tex. Crim. App. 2006) (notice of enhancement allegation at beginning of punishment phase is constitutionally adequate if defendant stipulates to allegation); *Fugate v. State*, 200 S.W.3d 781, 787 (Tex. App.—Fort Worth 2006, no pet.) (Dauphinot, J., concurring) ("Stipulating to the conviction named in an enhancement allegation or pleading true thereto demonstrates that there is no harm from late notice").

impropriety in the State's amendment thereof, did not deprive the district court of jurisdiction to try Warren for aggravated assault of a public servant.

The indictment vested the district court with jurisdiction to try Warren for aggravated assault of a public servant. *See* TEX. CONST. art. V, § 12(b); *Teal*, 230 S.W.3d at 176. Any improprieties in the State's amendment of the enhancement allegations of the indictment did not deprive the court of jurisdiction. And because the district court had subject matter jurisdiction, so too did the court of appeals. *Cf. It's the Berrys*, 271 S.W.3d at 772. Therefore, Appellees have judicial immunity. *See Ballard*, 413 F.3d at 517; *Bradt*, 892 S.W.2d at 68.

We overrule Warren's sole point and affirm the judgment.


           FELIPE REYNA
           Justice

Before Justice Reyna,
      Judge Willis,[6] and
      Judge Stanton[7]
Affirmed
Opinion delivered and filed July 14, 2010
[CV06]

---

[6] The Honorable Jill R. Willis, Judge of the 429th District Court of Collin County, sitting by appointment of the Governor of Texas pursuant to article V, section 11 of the Texas Constitution. *See* TEX. CONST. art. V, § 11.

[7] The Honorable James M. Stanton, Judge of the 134th District Court of Dallas County, sitting by appointment of the Governor of Texas pursuant to article V, section 11 of the Texas Constitution. *See* TEX. CONST. art. V, § 11.