# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00358-CV

---

### In re YCUL, LLC c/o E. Taylor

---

### ORIGINAL PROCEEDING FROM FAYETTE COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator YCUL, LLC c/o E. Taylor (Relator) has filed a petition for writ of mandamus seeking relief from a transfer order by the trial court. For the reasons explained below, we conditionally grant mandamus relief.

This original proceeding arises out of a forcible-detainer suit brought in Fayette County. On April 27, 2022, Relator filed suit in the Justice Court, Precinct 1, of Fayette County for forcible detainer against the occupants of a property in La Grange, Texas. After a trial on the merits, the justice of the peace rendered judgment in Relator's favor for possession of the property. The occupants appealed to the county court, where the matter was set for de novo bench trial. Prior to the bench trial, real-party-in-interest Jennifer Peterson intervened and filed a notice of appearance and request for dismissal and/or referral, disputing ownership of title to the property and requesting that the forcible-detainer suit be either dismissed for lack of jurisdiction or transferred to the 155th Judicial District Court of Fayette County.

On May 5, 2022, the county court entered an order transferring the forcible-detainer suit to the district court. Relator thereafter sought mandamus relief.[1] *See* Tex. Gov't Code § 22.221(b)(1).

Mandamus is a discretionary remedy that requires Relators to show that the trial court clearly abused its discretion and that no adequate remedy by appeal exists. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding). "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court also abuses its discretion "when it fails to analyze or apply the law correctly." *Id.*

In its petition for mandamus relief, Relator contends that the county court abused its discretion by transferring the forcible-detainer suit from the county court to the district court. We agree.

The forcible detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property without adjudicating the merits of title. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). Justice courts and, on appeal, county courts have exclusive jurisdiction to hear eviction and forcible-detainer suits under Chapter 24 of the Property Code. Tex. Prop. Code § 24.004; Tex. R. Civ. P. 510.10(c); *see also Miller v. Miller*, No. 05-21-00422-CV, 2022 WL 1260183, at *2 (Tex. App.—Dallas Apr. 28, 2022, no pet.) (mem. op.). District courts, by contrast, lack subject matter jurisdiction over forcible-detainer actions. *See Miller*, 2022 WL

---

[1] Real party in interest Jennifer Peterson waived her response when requested by the Court.

1260183, at \*2; *see also It's The Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 771 (Tex. App.—Amarillo 2008, no pet.); *cf. Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (explaining that questions of title are brought in suit before district court).

Insofar as the county court found that the title dispute is intertwined with the issue of possession, the county court is correct that, in those circumstances, it would lack jurisdiction to enter a judgment in the forcible-detainer suit before the title dispute is resolved. *See Dormandy v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (explaining that "neither a justice court, nor county court on appeal, has jurisdiction to determine the issue of title" in a forcible detainer suit and that "if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title"); *In re American Homes for Rent Props. Eight, LLC*, 498 S.W.3d 153, 156 (Tex. App.—Dallas 2016, orig. proceeding) (concluding trial court abused its discretion by abating forcible-detainer suit because the right to immediate possession did not require resolution of title dispute). But that pending title dispute, even if its resolution is necessary for deciding the issue of possession, does not expand the district court's jurisdiction to hear the pending forcible-detainer action. *See It's The Berrys*, 271 S.W.3d at 771; *see also Salaymeh*, 264 S.W.3d at 436 (explaining that "forcible detainer actions are cumulative of any other remedy" and that "party is entitled to bring a separate suit in the district court to determine questions of title").

The county court therefore abused its discretion by transferring the forcible-detainer action to the district court. Furthermore, based on the circumstances of this case, Relator lacks an adequate remedy by appeal because the "speedy, simple, and inexpensive"

3

forcible-detainer action will be undermined by the irreversible waste of judicial and public resources from the district court deciding a cause of action for which it lacks subject-matter jurisdiction. *See Williams*, 315 S.W.3d at 926; *see also In re Acad., Ltd.*, 625 S.W.3d 19, 36 (Tex. 2021); *In re Prudential*, 148 S.W.3d at 137.

## CONCLUSION

We conditionally grant Relator's petition for writ of mandamus and direct the trial court to vacate its May 5, 2022 order transferring the forcible detainer action. The writ will issue only if the trial court fails to comply.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Filed:   September 29, 2022

4