Opinion issued August 29, 2023



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00377-CV

_____

**CITY OF HOUSTON, Appellant**

**V.**

**NIKOLETTE LEDESMA AND ELSA ESTRADA, Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-84026**

---

## MEMORANDUM OPINION

This is the second interlocutory appeal in which this Court is asked to consider whether appellant City of Houston (the "City") has governmental immunity from suit in this case brought under the Texas Tort Claims Act ("TTCA"). In the first

appeal, we determined that the City's immunity was waived based on a judicial admission by the City, and therefore the trial court had subject-matter jurisdiction over the case. The Texas Supreme Court denied the City's petition for review. After our mandate issued, the City filed a new plea to the jurisdiction reasserting the same arguments concerning the issue of the City's judicial admission. The trial court denied the plea.

In two issues in this second interlocutory appeal, the City argues that the law of the case doctrine does not bar this Court from reconsidering its prior decision because (1) the decision did not address one of the City's arguments concerning its judicial admission, and (2) the decision was clearly erroneous.[1] Appellees Nikolette Ledesma and Elsa Estrada request sanctions against the City under Rule of Appellate Procedure 45 for raising, in a second interlocutory appeal, the same arguments that this Court previously rejected. We affirm, and we deny the request for sanctions.

**Background**

Appellees allege that in December 2015, they were injured in a motor-vehicle accident that was caused by Houston Police Department ("HPD") Officer Miranda

---

[1] The City's appellate brief recites two issues presented: (1) "Did the trial court erroneously deny [the City's] plea to the jurisdiction because [appellees] waived the preclusive effect of any judicial admission by failing to object when controverting evidence was offered?"; and (2) "In the alternative, should this Court reverse and render judgment because this Court's prior opinion was clearly erroneous and violated vertical and horizontal stare decisis?" Both issues implicate the law of the case doctrine, and we have therefore restated the City's issues.

2

Martinez a/k/a Miranda Suarez ("Suarez"). According to appellees, Suarez was looking for her cell phone while driving when she rear-ended appellees' car. The collision occurred on a Saturday, and Suarez was wearing an HPD uniform and driving an HPD vehicle while travelling to a second job.

Appellees sued Suarez and her employer, the City, asserting claims of negligence under the TTCA.[2] *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109. The City and Suarez each filed an answer generally denying liability and asserting numerous defenses.

The City filed a motion to dismiss appellees' claims against Suarez under the TTCA's election-of-remedies provision. *See id.* § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately dismissed on the filing of a motion by the governmental unit."). In response, appellees filed an amended petition that did not name Suarez as a party or assert any claims against her individually, but the amended petition otherwise retained the claims against the City. As both parties agreed in the first appeal, this amended petition effectively nonsuited the claims against Suarez. *See* TEX. R. CIV. P. 162, 163, 165; *C/S Sols., Inc. v. Energy Maint. Servs. Grp. LLC*, 274 S.W.3d 299, 306 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (stating that

---

[2]      Appellees also sued Harris County, which is not a party to this appeal.

3

"plaintiff can dismiss a party from the lawsuit by filing an amended petition that omits that party"). The appellate record does not contain a ruling on the City's motion to dismiss the claims against Suarez.

The City subsequently filed a motion for summary judgment. *See* TEX. R. CIV. P. 166a(b), (c). The City argued that it retained its immunity under the TTCA because Suarez was not acting within the scope of her employment with the City at the time of the collision, and therefore the trial court lacked subject-matter jurisdiction over the case. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A) (waiving governmental immunity for property damage, personal injury, or death proximately caused by negligent operation or use of motor-driven vehicle by employee acting within scope of employment). The motion relied on an affidavit from Suarez averring that the incident occurred on a Saturday when she was off-duty and driving to a second job. She averred that although she was on call for HPD at the time and was allowed to drive her HPD vehicle to the second job, she was not being paid by the City for her time, performing duties for the City, or responding to criminal activity or a call for service.

Appellees filed a response disputing that Suarez was acting outside the scope of her employment. Appellees relied on the fact that at the time of the accident, Suarez was on call with HPD, driving an HPD vehicle, and wearing an HPD uniform.

4

The trial court granted the City's motion for summary judgment and dismissed appellees' claims against the City for lack of jurisdiction. Appellees filed a notice of appeal.

A panel of this Court reversed the summary judgment order and remanded to the trial court for further proceedings. *Ledesma v. City of Houston*, 623 S.W.3d 840, 850 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Appellees—who were the appellants in the first appeal—argued in a single issue that the City had judicially admitted Suarez was acting within the scope of her employment at the time of the accident by moving to dismiss the claims against her under the TTCA's election-of-remedies provision. *Id.* at 843.

In its responsive brief in the first appeal, the City argued that appellees had waived appellate review of their sole issue concerning the judicial admission because they did not present the issue to the trial court or object to the City's summary judgment evidence that the City contended contradicted any judicial admission. The Court disagreed with the City that appellees' failure to present the issue to the trial court resulted in a waiver of error. *Id.* at 843 n.1. We stated that "issues of subject-matter jurisdiction may not be waived and may be raised for the first time on appeal," and we therefore concluded that appellees had not waived appellate review of the issue. *Id.* (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,

5

852 S.W.2d 440, 445 (Tex. 1993) ("Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties.")).

The Court then considered the merits of the judicial admission issue: whether the City had judicially admitted that Suarez was acting within the scope of her employment when it filed a motion to dismiss the claims against Suarez under the TTCA's election-of-remedies provision. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e). We ultimately held that "by moving to dismiss [the] claims against Suarez under section 101.106(e), the City judicially admitted that Suarez was acting within the scope of her employment and agreed to vicariously defend her, and the City's judicial admission barred it from later disputing that Suarez was acting within the scope of her employment." *Ledesma*, 623 S.W.3d at 850.

The City filed a combined motion for rehearing and for en banc reconsideration. The second issue presented in the motion asked: "Did the opinion fail to address the second aspect of waiver, i.e., that by failing to object when [the City] proffered evidence that contradicted its alleged judicial admission, [Ledesma and Estrada] waived the right to rely on that admission on appeal?" The panel denied rehearing, and the En Banc Court denied en banc reconsideration.

The City filed a petition for review in the Texas Supreme Court. The second issue presented in the petition was: "Does the *Marshall* rule apply in the summary judgment context such that Ledesma waived the right to rely on an alleged admission

6

by failing to object when controverting evidence was proffered?" The petition for review was denied.

After our mandate issued, the trial court issued an order resetting trial for April 2022. On February 7, 2022, the City filed a plea to the jurisdiction. The City contended that its plea was based on the "*Marshall* Rule," which the plea defined as "when a party offers evidence that controverts the [judicial] admission without a timely objection, the[] party who fails to object waives its ability to rely on the admission." According to the City's plea, our prior opinion "refused to address [the City's] argument that Plaintiffs' failure to object to Suarez's affidavit based on the alleged admission when it was offered waived their ability to rely upon the judicial admission." The City also sought to withdraw the judicial admission.

Appellees responded to the plea and argued that this Court's prior opinion addressed each argument raised by the City in the prior appeal. They further argued that the trial court was bound by our opinion, and it would err by granting the City's plea in contravention of this Court's decision.

The trial court denied the plea. This second appeal followed.

**Law of the Case Doctrine**

In two issues on appeal, the City argues that the law of the case doctrine does not bar this Court from reconsidering its prior decision because (1) the decision did not address one of the City's arguments, and (2) the decision was clearly erroneous.

**A.     Standard of Review**

We review de novo a trial court's ruling on a plea to the jurisdiction. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016); *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 181 (Tex. App.—Houston [1st Dist.] 2021, no pet.). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Town Park Ctr.*, 639 S.W.3d at 181. Generally, the purpose of a plea is "to defeat a cause of action without regard to whether the claims asserted have merit." *Town Park Ctr.*, 639 S.W.3d at 181 (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). When, as here, the jurisdictional evidence is undisputed or does not create a fact issue, a plea may be determined as a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Town Park Ctr.*, 639 S.W.3d at 181.

**B.     Governing Law**

The law of the case doctrine provides that "questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). Under this doctrine, an intermediate court of appeals is ordinarily bound by a prior decision if there is a subsequent appeal in the same case. *Id.* The doctrine strives to achieve uniformity of decisions, judicial

8

economy, and efficiency by "narrowing the issues in successive stages of the litigation." *Id.* (quoting *Hudson*, 711 S.W.2d at 630). The doctrine is intended to put "an end to litigation." *Id.* (quoting *Hudson*, 711 S.W.2d at 630).

The doctrine is not, however, an absolute bar to a court's reconsideration of the same issue in a successive appeal. *Id.* A court has discretion to apply the doctrine depending on the particular circumstances of the case. *Id.* If, for example, the court's original decision is clearly erroneous, then "the court is not required to adhere to its original rulings." *Id.* As the Texas Supreme Court has stated:

> It would be unthinkable for [the court], after having granted the writ, reconsidered the case, and arrived at the conclusion that the opinion on the former appeal was clearly erroneous, to hold that it is bound by considerations of consistency to perpetuate that error. Our duty to administer justice under the law, as we conceive it, outweighs our duty to be consistent.

*Id.* at 716–17 (quoting *Conn. Gen. Life Ins. Co. v. Bryson*, 219 S.W.2d 799, 800 (Tex. 1949)).

Furthermore, the law of the case doctrine does not preclude a re-examination of the trial court's jurisdiction. *Entergy Corp. v. Jenkins*, 469 S.W.3d 330, 337 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (op. on reh'g); *accord Briscoe*, 102 S.W.3d at 717 ("Because application of the law of the case doctrine is discretionary, the court of appeals had the authority to re-visit its jurisdictional decision."). "Subject matter jurisdiction is essential to a court's power to decide a case." *Entergy Corp.*, 469 S.W.3d at 336 (quoting *City of Houston v. Rhule*, 417 S.W.3d 440, 442

9

(Tex. 2013) (per curiam)) (internal quotation marks omitted). Without jurisdiction, a court lacks authority to act at all in a case other than to determine that it lacks jurisdiction. *Id.* A court may not assume jurisdiction for purposes of deciding the merits of a case, and a judgment is void if rendered by a court without jurisdiction. *Id.* Subject-matter jurisdiction cannot "be conferred by consent, waiver, or estoppel at any stage of the proceeding." *Id.* (quoting *It's The Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 771–72 (Tex. App.—Amarillo 2008, no pet.)).

## C.     Applicability of the Doctrine

In part of its first issue, the City contends that the law of the case doctrine does not bar this Court from reconsidering its prior decision because the Court did not address one of the City's arguments raised in the prior appeal. Specifically, the City argues that our prior decision did not address whether appellees waived error by failing to object when the City offered summary judgment evidence controverting the admission.

We disagree that our prior decision did not address this argument. The City raised this exact argument in its responsive appellate brief filed in the first appeal. In that brief, the City acknowledged that appellees filed objections to Suarez's affidavit in support of the City's summary judgment motion, but the City argued that the objections "did not even mention an alleged judicial admission. Nor did

10

[Ledesma and Estrada] object to [the City's] evidence or argue that, based on an alleged judicial admission, the City was barred from presenting certain evidence."

Our opinion noted that the City "also argue[d] that appellants waived their sole issue on appeal because they did not present it to the trial court." *Ledesma*, 623 S.W.3d at 843 n.1. We concluded, however, that the issue was not waived because it concerned subject-matter jurisdiction, an issue which may not be waived and may be raised for the first time on appeal. *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 445).

We acknowledge that the prior opinion did not specifically mention both parts of the City's argument: that appellees (1) did not raise the judicial admission issue in the trial court, and (2) did not object to the City's evidence contradicting such an admission. Nevertheless, the opinion summarized the City's argument as appellees' failure to present the issue to the trial court. This summary fairly encompassed both parts of the City's argument. That is, it addressed both the argument that appellees failed to *present* the issue of a judicial admission to the trial court and the argument that appellees failed to *present* an objection to the City's evidence contradicting its judicial admission. We therefore conclude that our prior decision addressed all aspects of the City's arguments concerning the judicial admission issue.

In support of its argument that the law of the case doctrine does not bar reconsideration of the judicial admission issue, the City relies on the Texas Supreme

Court's decision in *Hudson v. Wakefield*. *See* 711 S.W.2d at 629. However, *Hudson* is distinguishable because it did not involve a party asserting in a second interlocutory appeal the same issues and arguments that the appellate court had previously rejected. Rather, the issue in *Hudson* was whether the trial court was precluded from considering additional legal theories or defenses upon remand from the Texas Supreme Court. *See id.* In this case, the City did not present additional legal theories or defenses to the trial court upon remand; rather, it presented the same exact legal theories and arguments that it previously asserted in the first interlocutory appeal. Accordingly, *Hudson* does not support the City's position.

Furthermore, although we are not precluded from reconsidering jurisdictional issues, we decline to do so here. *See Entergy Corp.*, 469 S.W.3d at 337. The City's appellate brief contains no jurisdictional argument that it did not previously assert in the first interlocutory appeal. Contrary to the City's assertion, we have already considered all its arguments. We rejected them because we did not agree with them. We decline to reconsider them again here.

We conclude that the law of the case doctrine applies and binds this Court to our prior jurisdictional determination in this case. We decline to exercise our discretion to reconsider the City's arguments.[3] We overrule the City's first issue.

---

[3]     We need not address the City's remaining arguments in its first issue. *See* TEX. R. APP. P. 47.1.

**D.       Whether Our Prior Opinion was Clearly Erroneous**

In its second issue, the City argues that our prior decision was clearly erroneous, and therefore we may and should reconsider it.

The City contends that our opinion violated vertical and horizontal stare decisis. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (stating that vertical stare decisis requires lower courts to follow precedents of higher courts, while horizontal stare decisis—or rule of orderliness—concerns respect court owes its own precedents). The City argues that our prior opinion did not comply with Texas Supreme Court precedent (1) requiring that waivers of immunity be clear and unequivocal; (2) stating that the Legislature and not the courts create immunity, disapproving of waiver of immunity by conduct; (3) emphasizing that plaintiffs bear the burden to elect their TTCA remedy at the outset of the litigation; and (4) considering an argument in support of (as opposed to against) subject-matter jurisdiction for the first time on appeal.

The City raised some of these issues in the first interlocutory appeal. For example, the City argued that immunity must be "waived by the Legislature in clear and unambiguous language." The City raised the remaining arguments in its motion for rehearing and for en banc reconsideration filed in the first appeal. The prior panel and the En Banc Court rejected the City's arguments. We conclude that the City has

not established that our prior decision was clearly erroneous on the ground that it violated vertical stare decisis.

The City's arguments concerning horizontal stare decisis, or the rule of orderliness, appear to be newly raised in this appeal. The City first argues that the Court's prior decision in this case contravened our earlier decision in *Perilla-Vargas v. Baylor College of Medicine*. *See* No. 01-17-00018-CV, 2018 WL 1720667 (Tex. App.—Houston [1st Dist.] Apr. 10, 2018, pet. denied) (mem. op.). Although that case involved similar facts, the issue presented was whether the trial court erred by granting Baylor's motion to dismiss claims against the employee under the election-of-remedies provision in TTCA section 101.106(e). *Id.* at *3. Our Court did not address the merits of Baylor's plea to the jurisdiction because "Perilla-Vargas expressly waived on appeal 'all possible complaints' about the dismissal of Baylor." *Id.*

Here, appellees nonsuited their claims against Suarez after the City moved to dismiss the claims against her under the election-of-remedies provision. The dismissal of the claims against Suarez was not challenged in the first appeal, and it is not at issue in this appeal. Rather, the issue here is whether appellees' claims against *the City* should be dismissed. This issue was expressly waived in *Perilla-Vargas*. *See id.* Therefore, we conclude that the City has not established that our prior opinion contravened *Perilla-Vargas*.

14

The City also argues that our prior opinion contravened *University of Texas M.D. Anderson Cancer Center v. Stewart*. *See* No. 01-16-00865-CV, 2017 WL 2590230 (Tex. App.—Houston [1st Dist.] June 15, 2017, no pet.). However, like *Perilla-Vargas*, the issue in *Stewart* was whether the trial court erred by dismissing claims against an employee under the election-of-remedies provision in TTCA section 101.106(e). *Id.* at *1. Moreover, in addressing one of the plaintiff's arguments that M.D. Anderson had failed to prove that one of the doctors was its employee, the *Stewart* opinion noted that "by filing a Section 101.106(e) motion to dismiss [claims against an employee,] a governmental unit 'effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party.'" *Id.* at *4 (quoting *Tex. Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013)). Based in part on M.D. Anderson's filing of the motion to dismiss claims against its employee under section 101.106(e), the *Stewart* Court concluded that M.D. Anderson had established that it employed the doctors. *Id.* Thus, *Stewart* supports our prior decision in this case and contradicts the City's argument.

Finally, we note that two of our sister courts of appeals have held that a prior decision is not clearly erroneous as a matter of law when the Texas Supreme Court declined an opportunity to review the prior opinion. *Caplinger v. Allstate Ins. Co.*, 140 S.W.3d 927, 930 (Tex. App.—Dallas 2004, pet. denied); *Hurd Enters. v. Bruni*,

15

828 S.W.2d 101, 106 (Tex. App.—San Antonio 1992, writ denied). Although not dispositive, the Texas Supreme Court denied review in this case, which supports our conclusion that our prior decision was not clearly erroneous.

We conclude that the City has not established that our prior decision was clearly erroneous. Accordingly, we decline to exercise our discretion to reconsider the City's issues on appeal. We overrule the City's second issue.

**Rule 45 Sanctions**

In their responsive brief, appellees contend that this second interlocutory appeal is frivolous and an improper attempt to relitigate issues previously decided against the City. Appellees request sanctions under Rule of Appellate Procedure 45.

Rule 45 permits an appellate court to award a prevailing party "just damages" for "frivolous appeals." TEX. R. APP. P. 45; *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In considering whether an appeal is frivolous, we apply an objective test. *Mailhot*, 124 S.W.3d at 778; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). We "must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals." TEX. R. APP. P. 45; *see Smith*, 51 S.W.3d at 381.

"We review the record from the viewpoint of the advocate and ask whether the advocate had reasonable grounds to believe the judgment could be reversed." *Kholaif v. Safi*, 636 S.W.3d 313, 320 (Tex. App.—Houston [14th Dist.] 2021, pet.

16

denied); *Mailhot*, 124 S.W.3d at 778; *Smith*, 51 S.W.3d at 381. "We exercise prudence and caution and deliberate most carefully before awarding appellate sanctions." *Mailhot*, 124 S.W.3d at 778; *see also Kholaif*, 636 S.W.3d at 320; *Smith*, 51 S.W.3d at 381. Rule 45 does not require an award of damages in every frivolous appeal. *R. Hassell Builders, Inc. v. Texan Floor Serv., Ltd.*, 546 S.W.3d 816, 833 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *see Kholaif*, 636 S.W.3d at 320 (stating that Rule 45 sanctions should be imposed "only in truly egregious circumstances") (citation omitted).

Although there is no merit to the City's interlocutory appeal, we conclude that an award of sanctions is not appropriate in this case. The record in this appeal includes the record from the first interlocutory appeal. *See* TEX. R. APP. P. 45 (stating that, in determining whether to award sanctions, appellate court may consider only matters that appear in record, briefs, and other papers filed in court of appeals).

Considering the record from the viewpoint of an advocate, we conclude that the City had a reasonable ground to believe the order denying its plea to the jurisdiction could be reversed. *See Kholaif*, 636 S.W.3d at 320; *Mailhot*, 124 S.W.3d at 778. The City's arguments concern fundamental issues of governmental immunity and subject-matter jurisdiction. Under our decision in *Entergy Corp. v. Jenkins*, appellate courts are not precluded under the law of the case doctrine from reconsidering a prior jurisdictional determination. *See* 469 S.W.3d at 337. The City

17

cited this case in its appellate brief in this second appeal, and it reasonably could have relied on the case to reassert its arguments.

Furthermore, the City raised one new argument in this appeal, namely whether our prior decision in the case violated horizontal stare decisis. Because the City was the appellee in the prior appeal, it made its arguments defensively, and many of its arguments were fleshed out only in the post-judgment motion for rehearing and for en banc reconsideration. The City could have believed that the posture in which these arguments were presented afforded less consideration than if the arguments had been presented in the original briefing. The belief would be incorrect but reasonable.

It is a close question whether this appeal is frivolous. For the most part, the City raises the same arguments that the Court had already rejected. The City provides scant authority or analysis concerning application of the law of the case doctrine. The City's filing of this second interlocutory appeal hinders uniformity of decisions, judicial economy, efficiency, and putting an end to litigation. *See Briscoe*, 102 S.W.3d at 716. The City could have raised these issues in a direct appeal following trial, if necessary, while respecting the purpose of the doctrine.

Nevertheless, we conclude that an award of sanctions is not appropriate under the circumstances presented in this second interlocutory appeal. We deny appellees' request for sanctions under Rule 45.

## Conclusion

We affirm the trial court's interlocutory order denying the City's plea to the jurisdiction. We deny appellees' request for sanctions.


April L. Farris
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.