COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN D. HARRIS AND CATHY A. HARRIS, | § | No. 08-09-00192-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | 191st Judicial District Court |
| | § | |
| | | of Dallas County, Texas |
| EBBY HALLIDAY REAL ESTATE, INC., d/b/a EBBY HALLIDAY REALTORS, | § | (TC# 08-05236-J) |
| | § | |
| Appellee. | | |

**O P I N I O N**

John and Cathy Harris appeal from the trial court's order granting summary judgment in favor of Ebby Halliday Real Estate, Inc. d/b/a Ebby Halliday Realtors ("Halliday" or "Halliday Real Estate"). The Harrises raise two issues on appeal. In Issue One, they contend the trial court committed reversible error by granting summary judgment on their claim for negligence under the traditional summary judgment. In Issue Two, the Harrises argue Halliday Real Estate was not entitled to summary judgment on the negligence cause of action under the no-evidence standard.

In May 2007, the Harrises signed a residential listing agreement with Halliday to sell their residence at 6322 Royalton Drive in Dallas, Texas. At the time their house went on the market, the Harrises owned two pit-bull type dogs, a three year-old male, and a five year-old female. The dogs spent a great deal of time in the Harrises' backyard. The backyard is surrounded by fencing, and closed off with three gates. Two of the gates were secured with combination locks for security. To access the backyard from the front of the house, a person would have to pass

through at least one of the locked gates. According to Mrs. Harris, the only time the gates were unlocked was when the lawn service came to tend to the property.

On May 3, 2008, real estate agent Rosalie Nagy, scheduled an appointment to show the property to a potential buyer. To ensure that the dogs would not be a hindrance during the showing, the Harrises' son removed the dogs from the property prior to Ms. Nagy's arrival. After Ms. Nagy finished the showing, Mrs. Harris returned home, and the dogs were returned to the backyard. Sometime later in the afternoon, the dogs escaped though an unsecured gate and attacked a neighbor who was walking his own dog. The victim was taken away in an ambulance for medical treatment.

Immediately after retrieving the dogs, the Harrises went to the backyard to try and determine how the dogs escaped. According to Mrs. Harris, a padlock on one of the gates had been unlocked, and left in a position which prevented the gate from latching securely. The Harrises concluded that Ms. Nagy had failed to secure the gate after showing the property earlier that day. According to Ms. Nagy, and the agent representing the potential buyers, none of the visitors used the gate as the showing was done exclusively through the front of the house.

Less than a month after the dogs' escape, the Harrises' filed suit against Ms. Nagy's employer, Halliday Real Estate alleging that the agency, through its employee was negligent in failing to properly secure the gate after the showing. The Harrises also claimed that Halliday Real Estate breached the listing agreement by failing to secure the property after a showing.

Halliday Real Estate filed a hybrid motion for summary judgment on March 6, 2009. The trial court granted the motion, and entered a take nothing judgment in Halliday's favor.

As a preliminary matter, we must note that the Harrises appellate issues only address the

summary judgment in terms of their claim for negligence against Halliday. At the time the summary judgment was rendered, however, the Harrises had two causes of action pending against Halliday Real Estate; negligence and breach of contract. Although the Harrises have appealed the summary judgment in its entirety, they have not raised an issue, or included an argument in their brief assigning error to the summary judgment on their breach of contract cause of action. When, as in this case, the trial court does not specify the basis for a summary judgment, the appealing party must demonstrate none of the grounds proposed support the judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Any summary judgment ground that is not addressed, will be presumed to be valid. *See Doe*, 915 S.W.2d at 473. Because the Harrises have not challenged the summary judgment on their breach of contract claim, the grounds raised to defeat that cause of action are presumed to be valid. *See id*. Accordingly, the summary judgment will be affirmed as to the Harrises' claim for breach of contract.

Issues One and Two challenge the summary judgment under the traditional and no-evidence standards respectively. Under either standard, summary judgments are subject to *de novo* review. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a party moves for summary judgment under both standards, the reviewing court will generally address the no-evidence grounds first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Under Texas Rule of Civil Procedure 166a(i), a party without the burden of proof may seek summary judgment on the ground that, after adequate time for discovery, there is no-evidence to support one or more

essential elements of the nonmovant's claim or defense. TEX.R.CIV.P. 166a(i); *see Gish*, 286 S.W.3d at 310. The trial court is required to grant the motion unless the nonmovant produces evidence raising a genuine issue of material fact as to each challenged element. *See* TEX.R.CIV.P. 166a(i).

The essential elements of a common law negligence cause of action are duty, breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Whether or not a breach has occurred is determined by comparison to the applicable standard of care. *See Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). In this instance, the Harrises specifically alleged that Halliday Real Estate's duty was, "to exercise ordinary care," when showing the property, and that Halliday was in breach of the standard of care by failing to, "adequately and properly secure" the property after a showing. The "ordinary care" standard is generally defined as that which an ordinarily prudent person, exercising ordinary care would have done under the same circumstances. *See Lincoln Prop. Co. v. DeShazo*, 4 S.W.3d 55, 61 (Tex.App.--Fort Worth 1999, pet. denied).

Halliday moved for no-evidence summary judgment on the grounds that there was no evidence of a duty, no evidence that their agent breached a duty, and no evidence to establish the applicable standard of care. Although their response includes extensive argument regarding the existence of a duty, and evidence of breach, Harrises's response failed to address the standard of care ground at all. The Harrises have also failed to address this ground on appeal.

The summary judgment did not specify the ground or grounds on which it was based. Therefore, the burden fell to the Harrises to demonstrate that each of the grounds asserted in the motion is insufficient to support the judgment. *See Jones v. Hyman*, 107 S.W.3d 830, 832

(Tex.App.--Dallas 2003, no pet.). Because the Harrises failed to address Halliday's no-evidence challenge to the standard of care element, the judgment on their negligence claim may be affirmed on that ground alone. *Hyman*, 107 S.W.3d at 832; *see also* TEX.R.CIV.P. 166a(i) (requiring the trial court to grant a no-evidence motion for summary judgment unless the non-movant produces evidence raising a genuine issue of material fact on each essential element challenged by the movant). Accordingly, we overrule Issue Two as it pertains to the negligence claim, and affirm the trial court's judgment on that cause of action. Since we affirm the summary judgment on no-evidence grounds, it would be redundant to address the parties' arguments under the traditional standard. *See Ridgway*, 135 S.W.3d at 600. Accordingly, Issue One is also overruled.

Having overruled both of Appellants' issues, we affirm the trial court's judgment.


July 20, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.