**Opinion issued August 29, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-01119-CV

———————————

**AZEL GARRISON GOOLSBEE, Appellant**

**V.**

**HEB GROCERY COMPANY, OSCAR MORENO, JUANITA L. SANDOVAL, R. IRVIN, AND UNIDENTIFIED HEB GROCERY COMPANY EMPLOYEES, Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-61454**

---

## MEMORANDUM OPINION

Azel Garrison Goolsbee, appeals the trial court's order granting summary

judgment to appellees, HEB Grocery Company ("HEB"), Oscar Moreno, Juanita

L. Sandoval, R. Irvin, and unidentified HEB Grocery Company employees on Goolsbee's claims. We affirm.

## Background

Bellaire Police Officer Juanita Sandoval responded to a reported theft at an HEB grocery store in September 2009, and spoke with an HEB employee who alleged that Goolsbee had removed cash from a wallet that the employee had inadvertently left in a bathroom stall. Bellaire police spoke with Goolsbee and subsequently arrested her for theft and possession of a controlled substance.[1] After spending five days in jail, Goolsbee was released and the charges against her were dismissed for insufficient evidence.

In September 2010, Goolsbee filed suit asserting claims of defamation, false arrest, false imprisonment, conversion, intentional infliction of emotional distress, negligence, and gross negligence against appellees.[2] Goolsbee's attorney subsequently withdrew from the case. On August 23, 2011, HEB, Moreno, Irvin, and Sandoval filed their first amended answer and verified denial, and thereafter filed special exceptions and a motion to dismiss. The unidentified HEB employees were not parties to the answer, special exceptions, or motion to dismiss.

---

[1] Goolsbee's purse contained prescription medication for which she allegedly did not have a prescription.

[2] In her petition, Goolsbee incorrectly identifies HEB Grocery Company as HEB Food Stores, Inc. Officer Sandoval is also incorrectly identified as an HEB employee.

2

On October 31, 2011, the trial court granted the special exceptions. In an order dated November 8, 2011—in which the court noted that Goolsbee had failed to replead in accordance with the court's September 30, 2011 order—the court dismissed Goolsbee's claims against HEB, Moreno, Irvin, and Sandoval with prejudice. Goolsbee's claims against unidentified HEB employees, however, remained.

At the time the court signed its November 8, 2011 dismissal order, a hybrid no-evidence and traditional motion for summary judgment on behalf of all appellees, including the unidentified HEB employees, was pending before the court. On November 28, 2011, the trial court granted appellees' motion without specifying the grounds. Goolsbee timely filed this appeal.

## Discussion

Goolsbee, appearing pro se, contends that the trial court erred in granting summary judgment on her claims. Appellees assert that we do not have appellate jurisdiction over Goolsbee's appeal. Alternatively, they argue that the trial court properly granted summary judgment as to Goolsbee's claims.

### A. Jurisdiction

As a threshold matter, we address appellees' contention that we do not have jurisdiction over Goolsbee's appeal. Appellees contend that Texas law does not recognize "John Doe" pleadings or permit a judgment against an unidentified

3

defendant and, therefore, Goolsbee's reference to unidentified HEB employees was inadequate to have them considered as party defendants. Thus, they reason, the trial court's November 8 order dismissing Goolsbee's claims against HEB, Moreno, Irvin, and Sandoval, was a final, appealable judgment disposing of all claims and parties to the suit, and Goolsbee's failure to file her notice of appeal within thirty days from the date the dismissal order was signed renders her appeal untimely. We disagree. Texas courts have recognized that an unidentified defendant may be sued as a "John Doe." *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 925 (Tex. 1999) (per curiam) (recognizing unidentified defendant sued as "John Doe No. 1" and dismissing without being served); *Retzlaff v. GoAmerica Comms. Corp.*, 356 S.W.3d 689, 701–02 (Tex. App.—El Paso 2011, no pet.) (concluding that "John and/or Jane Doe" defendants were not entitled to dismissal from lawsuit under vexatious litigant statute requiring trial court to dismiss litigation "as to a moving defendant" where unidentified defendants did not move for dismissal); *Operation Rescue-Nat'l v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 937 S.W.2d 60, 87–88 (Tex. App.—Houston [14th Dist.] 1996) (affirming trial court's assessment of costs incurred to serve John and Jane Doe defendants by publication), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998); *see also Mosley v. John Doe Prison Guard #1*, No. 01-09-00214-CV, 2010 WL 3212130, at *2 (Tex. App.—Houston [1st Dist.] Aug. 12, 2010, no pet.) (mem. op.)

4

(concluding Chapter 104 of Texas Civil Practice and Remedies Code dealing with State liability provided no basis for inmate's claims against anonymous defendants sued in their individual capacity). Thus, for purposes of determining whether a judgment is final, claims against an unidentified defendant must be treated no differently than claims against a named defendant. *See Herrera v. Wembley Inv. Co.*, 12 S.W.3d 83, 88–89 (Tex. App.—Dallas 1998) (treating claims against John Doe defendants identical to claims against identified defendants in determining whether judgment was final and appealable), *rev'd on other grounds*, 11 S.W.3d 924 (Tex. 1999) (per curiam).

Here, the dismissal order did not dispose of Goolsbee's claims against the unidentified HEB employees and was therefore not final. The trial court's November 28 order on appellees' summary judgment motion, however, disposed of all claims and all parties (including the unidentified defendants) and was a final, appealable judgment. Because Goolsbee filed her notice of appeal within thirty days of the November 28 order (on December 28, 2011), we have jurisdiction to consider her appeal.

### B. Summary Judgment

Appellees also argue that the trial court properly granted their motion for summary judgment because Goolsbee failed to present evidence raising a genuine issue of material fact as to the challenged elements of her claims.

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, a summary judgment does not specify the grounds on which it was granted, the appealing party must demonstrate that none of the proposed grounds is sufficient to support the judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *West v. SMG*, 318 S.W.3d 430, 437 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Any summary judgment ground that is not addressed will be presumed to be valid. *Harris v. Ebby Halliday Real Estate, Inc.*, 345 S.W.3d 756, 759 (Tex. App.—El Paso 2011, no pet.) (citing *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)).

Appellees moved for no-evidence and traditional summary judgment on Goolsbee's claims of defamation, false arrest, false imprisonment, conversion, intentional infliction of emotional distress, negligence, and gross negligence. Because the trial court did not specify the basis for granting summary judgment, Goolsbee must show that none of the grounds proposed support the judgment granted. *West*, 318 S.W.3d at 437. Although Goolsbee has appealed the summary judgment in its entirety, she has not addressed any of the specific grounds raised in appellees' motion or included an argument as to why the trial court erred. *See Doe*, 915 S.W.2d at 473. Because Goolsbee has failed to challenge the summary judgment grounds as to any of her claims, the grounds raised to defeat those causes

6

of action are presumed to be valid. *See Harris*, 345 S.W.3d at 759 (noting that when summary judgment ground goes unaddressed, its validity is presumed). We overrule Goolsbee's issue.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.