

NUMBER 13-15-00387-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

IRENE SALDIVAR,                                                            Appellants,

v.

CITY OF SAN BENITO, TEXAS,                                             Appellee.

## On appeal from the County Court at Law No. 3 of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Irene Saldivar ("Saldivar") sued the City of San Benito ("the City") for

wrongful termination. The trial court granted summary judgment in favor of the City. In

one issue, Saldivar argues that the trial court erred in granting the City's motion for

summary judgment.  We affirm because we conclude that the City established, as a matter of law, that Saldivar's claims were barred by the statute of limitations.

## I. BACKGROUND

Saldivar began working for the City in 1989 as a Communications Specialist for the San Benito Police Department.  In 2002, she was promoted to Administrative Supervisor and held that position until 2011.  Throughout 2010 and 2011, various supervisory personnel requested Saldivar to run criminal history checks on various City employees.  According to her own testimony, Saldivar refused to do so and told her supervisors that criminal histories could only be conducted on police applicants and civilian staff that worked in the police department.  Saldivar further informed the supervisors that if unauthorized criminal histories were conducted, she would notify the appropriate agency.

On December 11, 2011, Saldivar was demoted back to the communications department.  She testified that after she was demoted, she learned that the individual that replaced her conducted four unauthorized criminal history background checks.  Saldivar notified her supervisor and then reported the matter to the Texas Department of Public Safety.  Three months later, on March 6, 2012, the City informed Saldivar that it had opened an investigation concerning possible misconduct on her part.  Saldivar denied all claims asserted against her in the investigation.  The City then filed a formal complaint of misconduct against Saldivar and terminated her on March 27, 2012.

Three days after her termination, Saldivar sent an e-mail to the City and inquired, "What procedures do I need to follow in order to request a grievance, regarding my termination from the San Benito Police Department?"  The City responded and gave Saldivar a copy of the City's grievance procedures.  On April 2, 2012, after reading the

2

grievance procedures, Saldivar sent another e-mail to the City: "If you say I cannot file a grievance over my termination, I would like to appeal the termination. Please advise as to the procedures to follow." The City responded, "There are no appeals to a termination. Demotion and/or dismissals are approved by the City Manager."

Two years later, on July 11, 2014, Saldivar brought suit against the City for wrongful termination in violation of the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.005 (West, Westlaw through 2015 R.S.). On March 24, 2015, the trial court held an oral hearing on the City's combined motion for traditional summary judgment and plea to the jurisdiction. In its motion for summary judgment, the City argued that Saldivar's suit was barred by the statute of limitations because she failed to file suit within ninety days of the alleged violation of the Texas Whistleblower Act. *See id.* On August 11, 2015, the trial court granted the City's motion for summary judgment. This appeal ensued.

## II. THE TEXAS WHISTLEBLOWER ACT

In one issue, Saldivar asserts that the trial court erred in granting the City's motion for summary judgment.

### A. Standard of Review and Applicable Law

"Summary judgments are subject to de novo review." *Harris v. Ebby Halliday Real Estate, Inc.*, 345 S.W.3d 756, 759 (Tex. App.—El Paso 2011, no pet.). After sufficient time for discovery, the party without the burden of proof at trial may seek summary judgment on the grounds that at least one element of the non-movant's cause of action cannot be established. *See* TEX. R. CIV. P. 166a(c). The burden will be on the movant to show that at least one element of the non-movant's cause of action cannot be established, and all doubts about the existence of a genuine issue of material fact will be resolved in favor of the non-movant. *See Peterson v. City of Ft. Worth*, 966 S.W.2d 773, 775 (Tex.

3

App.—Fort Worth 1998, no writ). Once the movant has met its burden, the burden shifts to the non-movant to present evidence that demonstrates the existence of a genuine issue of material fact with regard to the element challenged by the movant. *See id.*

Sovereign immunity protects the State from lawsuits for damages. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001). However, sovereign immunity can be waived. *See id.* Under the Texas Whistleblower Act, sovereign immunity is "waived and abolished" when the State retaliates against a public employee for making a good-faith report of a violation to an appropriate law enforcement authority. TEX. GOV'T CODE ANN. § 554.0035 (West, Westlaw through 2015 R.S.); *see State of Tex. v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009).

"Except as provided by Section 554.006, a public employee who seeks relief under [the Texas Whistleblower Act] must sue not later than the 90th day after the date on which the alleged violation of this chapter: (1) occurred; or (2) was discovered by the employee through reasonable diligence." TEX. GOV'T CODE ANN. § 554.005. The ninety-day window to file suit will normally "start to run when the cause of action accrues—in retaliation actions, when the retaliatory action occurs." *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 419 (2005) (citing to the Texas Whistleblower Act as an example). This timeframe can be tolled if the employee is pursuing relief under the appropriate grievance system. *See Bates v. Randall Cnty.*, 297 S.W.3d 828, 834 (Tex. App.—Amarillo 2009, pet. denied).

## B. Statute of Limitations Under the Texas Whistleblower Act

Saldivar argues that granting summary judgment was error because her suit against the City is not barred by the statute of limitations. According to Saldivar, the Whistleblower Act only requires that to toll the state of limitations an employee give

4

"reasonable notice" to her employer of her intentions to appeal a disciplinary action. *See Hitchcock Indep. Sch. Dist. v. Walker*, No. 01-10-00669-CV, 2010 WL 5117912, at *3 (Tex. App.—Houston [1st Dist.] Dec. 16, 2010, no pet.) (mem. op.). By giving notice to the City of her desire to file a grievance concerning her termination, Saldivar contends that the ninety-day timeline to file suit was tolled. *See Bates*, 297 S.W.3d at 834. Thus, Saldivar claims that even though she did not file suit within the original ninety-day timeframe, her suit is not barred by the statute of limitations. *See id.* We disagree.

Saldivar testified that she was terminated on March 27, 2012. However, she did not file her lawsuit against the City until July 11, 2014, more than two years later. This date falls far outside of the ninety-day timeframe allotted by the Whistleblower Act. Saldivar contends that by e-mailing the City with her intentions to file a grievance, the ninety-day timeframe was tolled. However, as the City informed Saldivar, the City's grievance system did not cover termination; Saldivar's only recourse was to file suit. A grievance system that does not apply to an employee's adverse employment action cannot be used to toll the ninety-day window. *See Jordan v. Jefferson Cnty.*, 153 S.W.3d 670, 673–74 (Tex. App.—Amarillo 2004, pet. denied) (holding that the grievance system in that case "could not serve as a means of extending the limitations period since it was inapplicable to [the plaintiff's] circumstance."). The present case is similar to *Jordan*: because there was no applicable grievance procedure with which Saldivar needed to comply, "there was nothing to stop the ninety-day period from running." *See id.*

Saldivar also asserts that an employee's Whistleblower Act suit is not barred by the statute of limitations when the employer creates uncertainty as to the availability of applicable of grievance procedures. *See Beiser v. Tomball Hosp. Auth.*, 902 S.W.2d 721, 724 (Tex. App.—Houston [1st Dist.] 1995, writ denied). However, the City was

5

straightforward when it explained to Saldivar in its response to her e-mails that there was no applicable grievance procedure for termination.

We conclude that the City established, as a matter of law, that Saldivar's claims were barred by the statute of limitations. Saldivar did not present evidence to establish a genuine issue of material fact in regard to the statute of limitations. *See Peterson*, 966 S.W.2d at 775. Therefore, the trial court did not err in granting the City's motion for summary judgment. We overrule Saldivar's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.


NORA L. LONGORIA
Justice


Delivered and filed the
29th day of September, 2016.

6