

FILED
April 2, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00529-CV
4745739
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/2/2015 1:13:57 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00529-CV

# In the
# Third Court of Appeals
# at Austin, Texas

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/2/2015 1:13:57 PM
JEFFREY D. KYLE
Clerk

**JEROME J. ISAAC AND MICHELLE P. ISAAC**
**Appellants,**

**v.**

**VENDOR RESOURCE MANAGEMENT, INC.; MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC. AND CITIMORTGAGE, INC.,**
**Appellees.**

Appealed from the 26th District Court of
Williamson County, Texas
Cause No. 13-0472-C26
Hon. Billy Ray Stubblefield, Judge Presiding

BRIEF OF APPELLEE

Vendor Resource Management, Inc.

Chris Ferguson
Texas Bar No. 24069714
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653   F: 972.247.0642
chris@jackoboyle.com
ATTORNEYS FOR APPELLEE

- 1 -

NO. 03-14-00529-CV

JEROME J. ISAAC AND MICHELLE P. ISAAC,
Appellants,

v.

VENDOR RESOURCE MANAGEMENT, INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AND CITIMORTGAGE, INC.,
Appellees.

---

## IDENTITY OF PARTIES & COUNSEL

---

The following is a complete list of the all the parties to this action:

(1)  Jerome J. Isaac and Michelle P. Isaac, appellants
     123 Dana Drive, Hutto, Texas 78634

(2)  Vendor Resource Management, Inc. ("VRM"), appellee
     4100 International Parkway, Suite 1000
     Carrollton, Texas 75007

(3)  Mortgage Electronic Registration Systems, Inc. ("MERS"), appellee
     1901 Voorhees Street, Suite C
     Danville, IL 61834

(4)  Citimortgage, Inc. ("Citi"), appellee
     1000 Technology Drive
     O'Fallon, MO 63368

(5)  Michael Brinkley, attorney for appellants
     Brinkley Law PLLC
     P.O. Box 820711
     Fort Worth, Texas 76182

(6)    John Ellis, attorney for appellees MERS and Citi
Locke Lord, LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701

(7)    Christopher S. Ferguson, attorney for appellee VRM
Jack O'Boyle & Associates
P.O. Box 815369
Dallas, Texas 75381

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL.................................................2

INDEX OF AUTHORITIES .................................................5

STATEMENT OF THE CASE .................................................8

STATEMENT ON ORAL ARGUMENT.................................................9

REPLY TO ISSUES PRESENTED .................................................9

STATEMENT OF FACTS.................................................9

SUMMARY OF THE ARGUMENT.................................................12

ARGUMENT.................................................13

Reply to issue 1: Summary Judgment Proper .................................................14

Reply to issue 2: Validity of Foreclosure Sale .................................................24

PRAYER.................................................27

CERTIFICATE OF SERVICE.................................................27

# INDEX OF AUTHORITIES

|  | CASES: | | PAGE: |
|---|---|---|---|

*Bierwirth v. Fed. Nat. Mortgage Ass'n,*
No. 03-13-00076-CV, 2014 WL 902541, at *3
(Tex. App. Mar. 6, 2014) — 24

*Deubler v. Bank of New York Mellon,*
No. 02–10–00125–CV, 2011
Tex.App. LEXIS 2644, at *3–4, 2011 WL 1331540
(Tex.App.-Fort Worth Apr. 7, 2011, no pet.) (mem.op.) — 25

*Goggins v. Leo,*
849 S.W.2d 373, 377(Tex. App. Houston [14th Dist]) — 16

*Harris v. Ebby Halliday Real Estate, Inc.,* — 14
345 S.W.3d 756, 759 (Tex. App. 2011)
*Hornsby v. Sec'y of Veterans Affairs,*
No. 05-11-01075-CV, 2012 WL 3525420, at *7 (Tex. App. Aug. — 24
16, 2012)

*It's the Berrys, LLC v. Edom Corner, LLC,*
271 S.W.3d 765, 769-772 (Tex. App.—Amarillo 2008, no pet.)
(transfer improper) — 22

*Kaldis v. Aurora Loan Servs.,*
No. 01–09–00270–CV, 2010Tex.App. LEXIS 4831,
at *9, 2010 WL 2545614 (Tex.App.-Houston [1st Dist.]
June 24, 2010, pet. dism'd w.o.j.) (mem.op.) — 25

*Marshall v. Housing Auth. of City of San Antonio,*
198 S.W.3d 782, 787 (Tex.2006) — 18

*Martinez v. Beasley,*
572 S.W.2d 83, 85(Tex. Civ. App.-Corpus Christi 1978, no writ) — 18

*Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.,*
97 S.W.3d 731, 737-738 (Tex.App.—Dallas 2003, no pet.)
(abatement improper) — 22, 23

| CASES: | PAGE: |
|---|---|

*Mitchell v. Citifinancial Mortgage Company*,
192 S.W.3rd 882 (Tex.Civ.App. – Dallas 2006)     26

*Mortgage Electronic Registration Systems, Inc. vs. Knight*,
09-04-452 Tex.App. Beaumont)     26

*Murphy v. Countrywide Home Loans Inc*,
199 S.W.3d 441, 445 (Tex.App.Houston [1st Dist.] 2006,
rehearing ovrl'd)     16

*Powelson v. U.S. Bank, N.A.*,
125 S.W.3rd 810 (Tex.App.Dallas 2004 no pet)     26

*Puentes v. Fannie Mae*,
350 S.W.3d 732, 738-39 (Tex. App. 2011)     21, 22

*Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*,
336 S.W.3d 764, 783 (Tex. App. 2011)     19

*Rice v. Pinney*,
51 S.W.3rd 705, 709 (Tex.App.—Dallas 2001, pet. dism'd w.o.j.)     18, 21

*Rodriguez v. Citimortgage, Inc.*,
03-10-00093-CV, 2011 WL 182122 (Tex. App. Jan. 6, 2011)     18

*Scott v. Hewitt*,
127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936)     18

*Spring Garden 79U, Inc. v. Stewart Title Co.*,
874 S.W.2d 945, 950 (Tex. App. 1994)     19

*Stephens v. Federal Home Loan Mortg. Corp.*,
No. 02–10–00251–CV, 2011 Tex.App. LEXIS 3056, at *5, 2011
WL 1532384 (Tex.App.-Fort Worth Apr.21, 2011, no pet.) (mem.op.)     25

| **CASES:** | **PAGE:** |
| --- | --- |
| *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005) | 13 |
| *Villalon v. Bank One, Trustee,* 176 S.W.3[rd] 66(Tex.App.-Houston(1st. Dist.) 2004, pet.denied) | 26 |
| *Walker Ins. Servs.*, 108 S.W.3d at 550; | 19 |

| **STATUTES:** | **PAGE:** |
| --- | --- |
| Tex.Fin.Code §392.001(6) | 20 |
| Tex. Prop. Code Ann. § 24.002 (Vernon 2000) | 16 |
| Texas Property Code §24.005 | 18 |
| Tex. R. Civ. P. 166a(b) | 13 |
| Tex. R. Civ. P. 166a(c) | 13 |
| Tex.R. Civ. P. 166a(i) | 14 |
| Tex.R. Civ.P. 510(3)(b) | 25 |
| Tex.R. Civ. P. 746 | 25 |

TO THE HONORABLE COURT OF APPPEALS:

COMES NOW, VENDOR RESOURCE MANAGEMENT, INC. ('VRM') Appellee herein, and files this, its response to Brief of Appellant's.

## STATEMENT OF CASE

This case is brought by the Isaacs against the Appellees for alleged violations of the Texas Debt Collection Act ('TDCA'), for alleged breach of contract, to quiet title subject to any valid and subsisting lien, and seeking injunctive relief under the trial court's inherent powers and the TDCA. All of these alleged causes of action stem from a foreclosure action that Appellee VRM was not a party to and therefore could not be complicit in causing. The only specific allegation made against VRM in Appellant's entire pleadings was for violation of the Texas Property Code, leading to a wrongful eviction attempt. Because Appellant's allegations were groundless, all of the Appellee's filed motions for summary judgment (VRM filed a motion separate from MERS and Citi Mortgage). The trial court agreed with the Appellee's and granted each of their motions for summary judgment. Isaacs file a Motion to Vacate, which was overruled by operation of law, which lead to this appeal.

## STATEMENT REGARDING ORAL ARGUMENTS

Appellee VRM does believe oral arguments are necessary and does not request them but wishes to participate if they are held.

## REPLY TO ISSUES PRESENTED

1. The trial court did not err in granting summary judgment to the Appellees, including VRM, because there was not sufficient evidence to create a fact dispute, necessitating a trial.

2. The trial court did not err in granting summary judgment to the Appellees because the substitute trustees acted with proper authority and capacity.

## STATEMENT OF FACTS

1. Appellant(s) are JEROME J. ISAAC and MICHELLE P. ISAAC ('Appellant' or 'ISAAC'); Appellee(s) are VENDOR RESOURCE MANAGEMENT, INC. ('VRM'), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ('MERS') and CITIMORTGAGE, INC. ('CITI').

2. Appellee has sued Appellant(s) alleging irregularities in a foreclosure sale and eviction and seeking to quiet title to certain real property identified by street address as 123 Dana Drive, Hutto, TX 78634 (the 'Subject Property').

3. VRM is entitled to summary judgment on all claims alleged against it

by Appellant(s). The issues in this lawsuit concern the foreclosure sale that took place (and to which VRM was not a party) and the attempt by VRM to obtain possession of the Subject Property.

4. VRM is entitled to summary judgment as no genuine issue of material fact exists. The Appellant alleges several causes of actions all stemming from the foreclosure. VRM was not a party to the foreclosure and therefore cannot be implicated in these allegations. The only specific allegation the Appellant makes against VRM is that VRM wrongly attempted to evict them from their home and has no right to possession of the property. When it commenced its eviction proceeding, Appellee VRM was able to prove all of the elements under the forcible detainer theory of recovery as a matter of law. To wit: (1) that the Subject Property was auctioned at a foreclosure sale; (2) this foreclosure sale was held pursuant to a Deed of Trust, creating a landlord tenant relationship upon foreclosure; (3) that following foreclosure the named Grantee in the Trustee's Deed conveyed the Subject Property to the Secretary of Veterans Affairs by way of a Warranty Deed; (4) that following this conveyance VRM, as duly authorized agent on behalf of the Secretary of Veterans Affairs, served written demand upon Isaac to vacate the Subject Property; and (5) Isaac failed to vacate. Therefore, Isaac's one allegation against VRM fails as a matter of law.

## I.  STATEMENT OF MATERIAL FACTS AND EVIDENCE

5.  On or about November 7, 2001, Jerome J. Isaac and Michelle P. Isaac executed a Note for $125,162.00 payable to Sterling Capital Mortgage.  The Note was secured by a Deed of Trust which Jerome and Michelle Isaac granted to Sterling Capital Mortgage.

6.  The Note and Deed of Trust encumbered the following property:

LOT 52 BLOCK B, LAKESIDES ESTATE SECTION TWO, A SUBDIVISION IN WILLIAMSON COUNTY, TEXAS, ACCORDING TO THE OR PLAT RECORDED IN CABINET T, SLIDE 19 OF THE PLAT RECORDS OF WILLIAMSON COUNTY, TEXAS.  The Property is commonly known as 123 Dana Drive, Hutto, Texas 78364 (the "Subject Property").

7.  The loan was subsequently service transferred on February 1, 2002 to First Nationwide Mortgage Corporation ("First Nationwide") and the Deed of Trust was assigned to First Nationwide.

8.  First Nationwide merged with Citi in March 2003 and the servicing rights and records of First Nationwide for the Isaac's loan were transferred to Citi effective April 2, 2003.

9.  In 2007 the Isaacs began to evince difficulty paying their mortgage. After several attempts to enter the Isaacs into a loan modification program failed, the Subject Property was sold to Citi on February 5, 2013 at a foreclosure auction.

On February 27, 2013 Citi conveyed the Subject Property, via a Warrant Deed, to the Secretary of Veterans Affairs.

10.    On or about March 27, 2013, VRM, as the authorized agent of the Secretary of Veterans Affairs, brought an eviction action against the Appellant. When the eviction proceedings commenced the Secretary of Veterans affairs was the lawful owner of the Subject Property as evidenced by the February 27, 2013 Warranty Deed and had authority to act as evidenced by Exhibit D.

11.    On June 10, 2013 the Secretary of Veterans Affairs reconveyed the Subject Property to Citi as evidenced by Exhibit E.

## SUMMARY OF ARGUMENT

12.    The 26th District Court did not err in granting summary judgment for VRM, MERS, and Citimortgage. The substitute trustee had sufficient authority to conduct the sale and VRM had full capacity to initiate and prosecute possession proceedings, including the filing of a forcible detainer suit. Even if the substitute trustee had lacked capacity, the validity of the foreclosure was beyond the scope of a forcible detainer and the trial court did not err in concluding that VRM had acted without liability. Furthermore, when VRM learned that tile of the property had been transferred it immediately ceased all eviction activity. VRM was not a party to foreclosure and could not have participated in the acts and omissions giving rise to the Appellant's other alleged causes of actions.

- 12 -

## IV.    SUMMARY JUDGMENT STANDARDS

14.    A motion for summary judgment shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or responses, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or file thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. Rule 166a(c), Tex. R. Civ. P.

15.    An Appellee Defendant is entitled to summary judgment on an Appellant's cause of action if the Appellee can prove as a matter of law that it has an affirmative defense to the cause of action. *See* Tex. R. Civ. P. 166a(b). To meet its burden, the Appellee Defendant must show that there is no genuine issue of material fact on the elements of the affirmative defense. Tex. R. Civ. P. 166a(c).

## II.    ARGUMENTS AND AUTHORITIES

### Standard of Review

Under either the no evidence or traditional summary judgment appeal, the standards  are subject to de novo review. *See Valence Operating Co. v. Dorsett,*

164 S.W.3d 656, 661 (Tex.2005). When a party moves for summary judgment under both standards, the reviewing court will generally address the no-evidence grounds first. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.2004). A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict. Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex.2009). Under Texas Rule of Civil Procedure 166a(i), a party without the burden of proof may seek summary judgment on the ground that, after adequate time for discovery, there is no-evidence to support one or more essential elements of the nonmovant's claim or defense. Tex.R. Civ. P. 166a(i); see Gish, 286 S.W.3d at 310. The trial court is required to grant the motion unless the nonmovant produces evidence raising a genuine issue of material fact as to each challenged element. See Tex.R. Civ. P. 166a(i).Harris v. Ebby Halliday Real Estate, Inc., 345 S.W.3d 756, 759 (Tex. App. 2011)

**I.**     **The trial court did not err in granting summary judgment to the Appellees, including VRM because there was not sufficient evidence to create a fact dispute, necessitating a trial.**

16.     The Appellant did not offer any evidence in support of his motion for summary judgment. The documents attached to his motion as purported evidence were excluded from evidence by the trial court. The Order Granting Defendant's Objections to Appellant's Summary Judgment Evidence explicitly states that the "objected-to evidence is stricken from the summary judgment record." (C.R.  p.

433). During the hearing on the parties' motions for summary judgment, the Appellant did not make a proper objection to the exclusion of his evidence in order to preserve the error for review on appeal. (R.R. Vol. 1, p. 24). Furthermore, the Appellant did not make a proper offer of proof to have the evidence included in the record for review on appeal.[1] Therefore, when reviewing *de novo* the trial court's decision to grant the Appellee's motions for summary judgment, this Honorable Court must limits its review to the contents of the record.

17. Appellee VRM was entitled to summary judgment because Appellee can disprove an element of Appellant's alleged cause of action as a matter of law. To carry its burden, Appellee must disprove only one of the elements of Appellant's cause of action.

18. Appellant only alleges one specific cause of action against Appellee VRM: wrongful eviction.

19. A forcible detainer occurs when a person refuses to surrender possession of real property upon a statutorily sufficient demand for possession if that person is: (1) a tenant or subtenant willfully and without force holding over after his right of possession ends, (2) a tenant at will or by sufferance, or (3) a

---

[1] "When the trial court rules evidence is not admissible and excludes it, the party who offered the evidence should make an offer of proof to get the evidence into the record on appeal." TRE 103(a)(92) *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 339 (Tex.App. – San Antonio 2000, pet. denied).

tenant of someone who acquired possession by forcible entry. TEX. PROP. CODE ANN. § 24.002 (Vernon 2000).

20.   To prevail in a forcible detainer case, Appellee VRM must establish as a matter of law: (1) Secretary of Veterans Affairs was the owner of the Subject Property by way of being the named successor in interest to a trustee deed's executed as a result of a foreclosure sale of the Subject Property, (2) the foreclosure was of a lien superior to Isaac's right to possession thereby causing Isaac to become a tenant at sufferance, (4) VRM made to Isaac a statutorily written demand for possession and (5) Isaac failed to vacate. *See* TEX. PROP. CODE ANN. § 24.002; *Murphy v. Countrywide Home Loans Inc,* 199 S.W.3d 441, 445 (Tex.App.Houston [1st Dist.] 2006, rehearing ovrl'd), *citing Goggins v. Leo,* 849 S.W.2d 373, 377 (Tex. App. Houston [14th Dist]).

(1)   Substitute Trustee's Deed and Special Warranty Deed

21.   On February 5, 2013, the subject property was sold at a non-judicial foreclosure sale. A certified copy of the Substitute Trustee's Deed was included in the Appellee's Motion for Summary Judgment as Exhibit A (C.R. p. 325). Following this foreclosure sale the named Grantee in the Substitute Trustee's Deed conveyed the Subject Property to the Secretary of Veterans Affairs by way of a Warranty Deed. A certified copy of the Warranty Deed was included in the Appellee's Motion for Summary Judgment as Exhibit B (C.R. p. 327).

### (2) Deed of Trust

22. This foreclosure sale was held pursuant to the terms of a Deed of Trust. A certified copy of said instrument was included in the Appellee's Motion for Summary Judgment as Exhibit C (C.R. p. 329 That instrument provides that following a foreclosure sale, the mortgagor in the deed of trust and anyone holding under him or her shall immediately surrender possession of the Subject Property to the purchaser at the foreclosure sale. It further provides that if possession is not surrendered, the mortgagor or the person holding under him or her shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

### (3) Notice to Vacate

23. The business records affidavit was included in the Appellee's Motion for Summary Judgment as Exhibit D (C.R. p. 349-355). The business record and its accompanying affidavit stablished that following the February 5, 2013 foreclosure sale the law offices of Jack O'Boyle & Associates mailed a notice to vacate to the property addressed to Isaac by both first class and certified mail. Attached to said affidavit is a true and correct copy of this notice to vacate, as well as a copy of the face of the first class and certified mail envelopes as they appeared prior to sending; and lastly, a copy of the United States Postal Service (USPS) track and confirm information for the certified mail article. This affidavit, and supporting documents, is sufficient to establish the admissibility of the notice to vacate, sent

by the law firm in compliance with the Texas Property Code 24.005. *See Rodriguez v. Citimortgage, Inc.,* 03-10-00093-CV, 2011 WL 182122 (Tex. App. Jan. 6, 2011).

### (4) Failure to Vacate

24. Isaac has admitted in his original petition that he continues to occupy the property. Appellant's Original Petition conceded that he has remained in possession of the property and by defending against VRM's claim of possession made on behalf of the Secretary of Veterans Affairs, Isaac tacitly admitted that they remained in the property at the time the eviction process commenced. *Rodriguez,* 03-10-00093-CV, 2011 WL 182122 (Tex. App. Jan. 6, 2011). If he had relinquished possession, his competing claims to possession would be moot. *See Marshall v. Housing Auth. of City of San Antonio,* 198 S.W.3d 782, 787 (Tex.2006).

### (5) Immediate Possession Determined Separately from Title

25. A forcible detainer action is not exclusive, but rather is cumulative, of any other remedy that a party may have in courts of this state, and the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Rice,* 51 S.W.3d at 709, *see also Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936); *Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex. Civ.

App.-Corpus Christi 1978, no writ). Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Id.*

### (6) VRM's Authority to Act

26. In determining whether a party had actual authority to act for another, the courts examine the words and conduct by the principal to the alleged agent regarding the alleged agent's authority to act for the principal. *See Walker Ins. Servs., 108 S.W.3d at 550; Spring Garden 79U, 874 S.W.2d at 950. Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C., 336 S.W.3d 764, 783 (Tex. App. 2011).*

27. The business records affidavit that was included in the Appellee's Motion for Summary Judgment as Exhibit D establishes that Vendor Resource Management (VRM) is the duly authorized agent of the Secretary of Veteran's Affairs and is therefore able to act on its behalf (C.R. p. 356).

28. The plain text of the document evincing VRM's authority states that VRM is "responsible for the full range of property acquisition, management and resale and loan servicing activities. This includes actions for possession . . . " on behalf of the Secretary of Veteran's Affairs (C.R. p. 356).

## Texas Finance Code Does not Apply

29.    The section of the Texas Finance Code cited by the Appellant only applies to debt collectors[2] and VRM was not in this instance acting as debt collector or attempting to collect a debt.

30.    The Texas Finance Code defines a debt collector as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to *collect consumer deb*ts." Tex.Fin.Code §392.001(6) (emphasis added).

31.    VRM was acting as the duly authorized agent for the Secretary of Veterans Affairs. The Secretary of Veterans Affairs did not make a consumer loan to the Appellant and therefore could not have been attempting to collect on a consumer debt. VRM did not make a consumer loan to the Appellant either, nor, therefore, could it have been attempting to collect a debt.

32.    The Secretary of Veterans Affairs acquired title to the property by means of a warranty deed executed by CitiMortgage after CitiMortgage had foreclosed on the Subject Property. The Secretary of Veterans Affairs, through its agent VRM, was merely seeking to obtain possession of a property that it owned and was not seeking collection of a debt. In fact, the judgment issued in the

---

[2] *See* Sec. 392.301. THREATS OR COERCION. (a) In debt collection, a debt collector may not . . . ."

- 20 -

forcible detainer action was for possession only and did include any monetary damages, not even attorney's fees.

## Improper Collateral Attack on Justice Court Judgment

33. The substitute trustee's deed, deed of trust, and notice to vacate were sufficient for Williamson Justice Court Precinct 4 to award immediate right of possession to VRM. If Appellant wanted to appeal the justice court's decision on grounds of insufficient evidence he was free to do so but, for whatever reason, chose not to.

34. The Appellant is now improperly seeking to attack the Justice Court's judgment rendered in the forcible detainer action.

35. A forcible detainer is a simple, speedy, and inexpensive remedy for determining which party has a superior right of immediate possession. *Rice v. Pinney*, 51 S.W.3rd 705, 709 (Tex.App.—Dallas 2001, pet. dism'd w.o.j.) Therefore, a forcible detainer judgment "is necessarily limited to the scope of the suit, an award of possession on a particular date does not implicate a party's possessor right on a future date." *Puentes v. Fannie Mae*, 350 S.W.3d 732, 738-39 (Tex. App. 2011)

36. Having failed to appeal the Justice Court's judgment awarding the Defendant VRM, as duly authorized agent for the Secretary of Veterans Affairs,

possession, the Appellant was free to file his own forcible detainer to establish his superior right of possession if he believed changed circumstances so warranted.

37.    In a case with similar facts, but challenged on different grounds, the Second Court of Appeals held that a party may file a new forcible detainer action even after failing to appeal the justice court judgment in the original proceeding. *See Puentes v. Fannie Mae*, 350 S.W.3d 732, 739 (Tex. App. 2011) (A "Suit was nothing more than a determination that, at that time, the Puenteses had a superior right to possess the property . . . . "[a]s the First JP Suit had no effect on the justice court's jurisdiction to consider the Second JP Suit, Fannie Mae was not required to appeal the judgment. ").

38.    Instead, the Appellant is seeking to usurp the Justice Court's jurisdiction by attacking its judgment in this proceeding.  Because the available remedies in a forcible detainer are cumulative, a justice court (and on appeal – County Court) having jurisdiction of an eviction suit in which only possession is disputed should neither abate the proceeding in deference to an ongoing title dispute in another court, nor transfer the eviction suit to another court in which such a dispute is pending. *It's the Berrys, LLC v. Edom Corner, LLC,* 271 S.W.3d 765, 769-772 (Tex. App.—Amarillo 2008, no pet.)(transfer improper); *Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.,* 97 S.W.3d 731, 737-738 (Tex.App.— Dallas 2003, no pet.)(abatement improper)]   If the justice court abates the

proceeding, the appropriate court may issue mandamus to require the justice court to proceed with the eviction suit. *Meridien Hotels, Inc*, 97 S.W.3d at 737 (justice court abused its discretion in abating eviction suit until finalization of district court proceedings seeking declaration that tenant was in default, so county court properly issued mandamus to require justice court to proceed to trial on issue of possession). Just as the Justice Court should not relinquish jurisdiction over a pending forcible detainer in deference to an on-going title dispute, neither should the district court interfere with the Justice Court's jurisdiction by allowing the Appellant to make a collateral attack on the Justice Court's judgment.

## Writ of Possession Issued But Was Not Executed

39.     On or around September 17, 2013 the Justice Court Precinct 4, Williamson County, issued a writ of possession on its valid judgment in the original forcible detainer action (said judgment was included in the Appellee's Reply to Plaintiff's Response to Defendant's Motion for Final Summary Judgment as Exhibit A (C.R. p. 408)).

40.     Said writ was issued but never executed. The Appellants were not set out of the Subject Property and did not suffer any injury. In fact, the Appellants have continued to occupy the Subject Property without paying rent since February of 2013.

## II. The trial court did not err in granting summary judgment to the Appellees because the substitute trustees acted with proper authority and capacity and regardless, issues of title are not relevant.

41.     Appellee VRM was not a party to the foreclosure and Appellant does not implicate VRM in any alleged foreclosure irregularities. Appellant's sole argument relating VRM to the foreclosure is that because the foreclosure was improper the subsequent transfer of title to the Secretary of Veteran's Affairs was void and VRM's eviction action on behalf of the VA was therefore unlawful.

42.     Appellee VRM expects this issue to be fully briefed by Appellees MERS and Citimortgage and therefore will limit its scope to the relevance of the allegation to VRM's original forcible detainer.

43.     Any challenge to the foreclosure, including appointment of the trustee, goes to the question of title and is not permitted in a forcible detainer action.   As this Court has affirmed again and again where, as here, "a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Bierwirth v. Fed. Nat. Mortgage Ass'n*, No. 03-13-00076-CV, 2014 WL 902541, at *3 (Tex. App. Mar. 6, 2014)  citing *Hornsby v. Sec'y of Veterans Affairs*, No. 05-11-01075-CV, 2012 WL 3525420, at *7 (Tex. App. Aug. 16, 2012) ("Although [appellant] challenges the chain of title to the property, 'the merits of the title shall

not be adjudicated' in a forcible detainer action." (quoting Tex.R. Civ. P. 746))[3]; *Stephens v. Federal Home Loan Mortg. Corp.,* No. 02–10–00251–CV, 2011 Tex.App. LEXIS 3056, at *5, 2011 WL 1532384 (Tex.App.-Fort Worth Apr.21, 2011, no pet.) (mem.op.) (holding Federal Home was not required to "connect the dots" between original lender and mortgage servicer regarding title; substitute trustee's deed evidenced Federal Home purchased property after plaintiff's default); *Deubler v. Bank of New York Mellon,* No. 02–10–00125–CV, 2011 Tex.App. LEXIS 2644, at *3–4, 2011 WL 1331540 (Tex.App.-Fort Worth Apr. 7, 2011, no pet.) (mem.op.) (holding party was not required to present evidence establishing linkage between deed of trust and substitute trustee's deed to establish superior right to possession); *Kaldis v. Aurora Loan Servs.,* No. 01–09–00270–CV, 2010 Tex.App. LEXIS 4831, at *9, 2010 WL 2545614 (Tex.App.-Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem.op.) (holding whether substitute trustee's deed was "void" or "deficient" or whether there was "a gap in the chain of title/ownership" was issue outside scope of forcible-detainer action).

## IV.   CONCLUSION

44.   Appellant would show unto this Court that based upon the summary judgment evidence attached to its Motion and considered by the trial court,

---

[3] This was the Rule number when the opinion was written. Rule 746 was replaced by Rule 510.3(b)effective August 30, 2013.

Appellant established a prima facie case of its right to possession of the Subject Property. *Mitchell v. Citifinancial Mortgage Company*, 192 S.W.3rd 882 (Tex.Civ.App. – Dallas 2006), *Powelson v. U.S. Bank, N.A.*, 125 S.W.3rd 810 (Tex.App.Dallas 2004 no pet); *Mortgage Electronic Registration Systems, Inc. vs. Knight*, 09-04-452 Tex.App. Beaumont), *Villalon v. Bank One, Trustee*, 176 S.W.3rd 66(Tex.App.-Houston(1st. Dist.) 2004, pet.denied). Therefore, VRM did not wrongfully pursue a forcible detainer action against the Appellant.

45. The Trustee's Deed and Warranty Deed establish that the Subject Property was auctioned at foreclosure and subsequently conveyed to the Secretary of Veterans Affairs thereby entitling it to possession of the same. The deed of trust required Isaac to surrender possession of the property to VRM, on behalf of the Secretary of Veterans Affairs as the successor in interest to the purchaser at the sale, and further provided that failure to do so would cause Isaac to become a "tenant at sufferance." The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the Isaac and Appellee, which provided a basis for determining the right of possession.

46. As such, there existed no genuine disputed issue of material fact. Accordingly, as a matter of law, VRM, as duly authorized agent for the Secretary of Veterans Affairs, was entitled to possession of the Subject Property when VRM

commenced the forcible detainer. The trial court , therefore, was correct to grant

VRM's summary judgment and did not commit reversible error.

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, VRM prays that this

Honorable Court affirm the judgment of the trial court. Appellee also requests any

other relief, at law or in equity, to which it may be entitled.

RESPECTFULLY SUBMITTED:
JACK O'BOYLE & ASSOCIATES

*/s/Chris Ferguson*
___ John James "Jack" O'Boyle
SBN 15165300
___ Travis H. Gray
SBN 24044965
XX  Chris Ferguson
SBN 24069714
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653   F: 972.247.0642
ATTORNEYS FOR APPELLEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was

served upon the parties listed below on April 2, 2015, pursuant to Texas Rule of

Appellate Procedure 9.5.

VIA FACSIMILE (888)511-0946
& EMAIL (m@michaelbrinkley.com)
Michael Brinkley
P.O. Box 820711
Fort Worth, TX 761-0711
Attorney for Appellants

VIA FACSIMILE (512-305-4700)
& EMAIL (jellis@lockelord.com)
John W. Ellis
600 Congress Avenue, Suite 2200          */s/Chris Ferguson*
Austin, Texas 78701                      Chris Ferguson